```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AUSBERTO DAVILA,

                        Petitioner,

        -v-

DUKE TERRELL,

                        Respondent.
------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 5 2012 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-1490

**AMON, Chief United States District Judge:**

On March 31, 2010, pro se petitioner Ausberto Davila filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that this Court order the Federal Bureau of Prisons ("BOP") to transfer him to a residential re-entry center ("RRC") for the remainder of his term of imprisonment.

As an initial matter, federal prisoners must exhaust their administrative remedies before filing a petition for habeas relief in federal court. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).[1] In this case, the petitioner requested a transfer from the Warden of the facility at which he was incarcerated on December 3, 2009, and appealed the denial of his transfer request to both the BOP's Regional Director and the Office of General Counsel. However, the Office of General Counsel requested on April 8, 2010, that the petitioner re-file his transfer request, and the petitioner failed to do so. At the time he filed his transfer request, the petitioner's projected release date was October 24, 2011.

---

[1] A federal inmate challenging the conditions of his confinement must follow the Administrative Remedy Program developed by the BOP. Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing Carmona, 243 F.3d at 634) (citing 28 C.F.R. §§ 542.10-19). This program has four steps, each of which must be exhausted: (1) attempt to resolve the issue informally; (2) submit a formal written Administrative Remedy Request to the institution; (3) appeal any unfavorable decision by the institution to the Regional Director of the BOP; and (4) appeal any unfavorable decision by the Regional Director to the BOP's General Counsel. Id.

- 1 -

The petitioner asserts that any further appeal would have been futile because it "would most likely have been rejected based upon the official BOP policy that prohibits consideration of any inmate release to an RRC until the inmate has served at least 90% of his sentence." (Docket Entry 9 at 4.) This argument is without merit and appears to be based on a misunderstanding of the BOP's current RRC placement policy. Although two former BOP policies promulgated in 2002 and 2005, respectively, limited RRC placement to the last ten percent of an inmate's term of imprisonment, those policies are no longer in effect. See Levine v. Apker, 455 F.3d 71, 73-77 (2d Cir. 2006) (chronicling history of BOP's RRC policies); Owusu-Sakyi v. Terrell, 2010 WL 3154833, at *4 (E.D.N.Y. 2010). The BOP's current policy does not limit pre-release RRC placement to any specific percentage of an inmate's total term of imprisonment. 28 C.F.R. §§ 570.21-22 (2008); Owusu-Sakyi, 2010 WL 3154833, at *4. The petitioner has failed to identify any operative BOP policy that would categorically preclude his transfer to an RRC and thus has not established that exhaustion of his administrative remedies would have been futile.

Even if this Court were to excuse the petitioner's failure to exhaust his administrative remedies, his claim would fail on the merits. It is well-established that a prisoner does not have a constitutional right to serve his sentence in a particular institution, and this Court "'has no authority to order that a convicted defendant be confined in a particular facility.'" Bennett v. Terrell, 2010 WL 1170134, at *1 (E.D.N.Y. 2010) (quoting United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)). At best, if a federal inmate can "demonstrate that the BOP failed to consider the § 3621(b) factors and instead applied an invalid regulation in reaching its determination, the Court could 'order the agency to make a new determination in compliance with 18 U.S.C. § 3621.'" Id. (quoting Pedreira v. Lindsay, 2008 WL 4185702 (E.D.N.Y. 2008); Dadaille v. Terrell, 2010 WL 1930267, at *4 (E.D.N.Y. 2010). The BOP's current regulation,

however, expressly provides for individualized consideration of the § 3621(b) factors. The petitioner's challenge amounts to nothing more than an attempt to have the Court hasten the BOP's consideration of those factors in his case. However, because the petitioner was not eligible for placement in an RRC until 12 months before the date of his release, the BOP did not exceed its statutory authority in declining to review the petitioner's transfer request, which he made when he still had approximately 22 months remaining on his sentence.[2]

For the foregoing reasons, Davila's petition is denied. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2012

/S/
Carol Bagley Amon
United States District Judge

---

[2] The Court notes that Davila's petition may now be moot, as it appears Davila was scheduled to be released from prison in October 2011.